IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COBB THEATRES III, LLC; COBB THEATRES IV, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>AMC ENTERTAINMENT HOLDINGS, INC.; AMC ENTERTAINMENT INC.; AMERICAN MULTI-CINEMA, INC.,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br><br><br>1:14-CV-00182-SCJ |

## PLAINTIFFS' NOTICE OF OBJECTION AND MOTION TO STRIKE, WITH INCORPORATED MEMORANDUM OF LAW

Plaintiffs, Cobb Theatres III, LLC and Cobb Theatres IV, LLC (together, "Cobb") respectfully move to strike Exhibit A (Dkt. No. 19-2) to Defendants AMC Entertainment Holdings, Inc., AMC Entertainment Inc., and American Multi-Cinema, Inc.'s ("AMC's") Motion to Dismiss Complaint ("Motion") and all arguments in the Motion that rely on this exhibit and on Google Maps' "Directions" feature's purported estimates of the driving times between AMC's Phipps Plaza 14 and Fork & Screen Buckhead (AMC's "Buckhead theaters") and the Regal Hollywood Stadium 24, Regal Perimeter Point Stadium 10, Regal Atlantic Station Stadium 16, and United Artists Tara Cinemas 4. These purported

driving time estimates are not "facts" properly subject to judicial notice, and so the Court cannot consider them at the motion-to-dismiss stage. The Court must accept as true Cobb's factually specific allegations that moviegoers residing in or around Buckhead and Brookhaven in Atlanta, Georgia do not treat these latter theaters as substitutes for AMC's Buckhead theaters, and that these theaters therefore are not suppliers in the relevant geographic market.

## PROCEDURAL HISTORY

Cobb filed its Complaint (Dkt. No. 1) against AMC on January 22, 2014, alleging that AMC has abused its monopoly power in several geographic markets and its national circuit power to monopolize film licensing and exhibition markets and to gain unfair advantages in those markets. AMC's actions violate the Sherman Antitrust Act and Georgia law and have injured Cobb in its business and property.

Cobb defined one relevant geographic market as the market for licensing desirable first run, feature-length motion pictures for theatrical exhibition to the public in the Buckhead-Brookhaven film licensing zone—a region of Atlanta, Georgia covering the adjacent neighborhoods of Buckhead and Brookhaven. Cobb alleged that "[m]oviegoers who reside in or around Buckhead and Brookhaven ('the Buckhead-Brookhaven zone') are reluctant to travel significant distances outside of this zone to attend a film exhibition except in unusual circumstances,

due in part to heavy traffic congestion as a result of significant population density in the zone." Compl. ¶ 39. Cobb further alleged that only three theaters compete to license and exhibit films within that geographic zone: Cobb's CinéBistro at Town Brookhaven and AMC's Phipps Plaza 14 and Fork & Screen Buckhead. *Id.* ¶ 40.

On April 1, 2014, AMC filed its Motion to Dismiss the Complaint. In the Motion, AMC contests Cobb's geographic market definition by pointing to purported "facts" not contained in the Complaint. Specifically, AMC argues that "[t]he Regal Hollywood Stadium 24, Regal Perimeter Point Stadium 10, Regal Atlantic Station Stadium 16, and United Artists Tara Cinemas 4 are all approximately 15 minutes away, according to the 'Directions' feature on Google Maps." Motion at 2-3; *see id.* at 14-15 (same).

AMC refers the Court to "Exhibit A" to the Motion, which shows the map image from a website that is generated by entering the search terms, "movie theater Atlanta, GA" in the search field at https://www.google.com/maps. *Id.* at 3 & n.2, 14-15. The exhibit does not show Google Maps' "Directions" feature's estimated driving times between these theaters and AMC's Buckhead theaters. AMC states in a footnote: "The Court may take judicial notice of the locations of nearby theaters in deciding this motion to dismiss. *See* Fed. R. Evid. 201(b); *United States v. Proch*, 637 F.3d 1262, 1266 (11th Cir. 2011)" (Motion at 3 n.2). However, as

discussed below, neither "Exhibit A" nor AMC's alleged "facts" related to the website's "Directions feature" are subject to judicial notice. Cobb respectfully objects to the Court's consideration of these submissions and moves to strike them.

## ARGUMENT AND MEMORANDUM OF LAW

### I.  Summary

The Court may not consider the Google driving time estimates in deciding AMC's Motion. These estimates are not properly subject to judicial notice because Google Maps is not a source of indisputable accuracy from which ready verification of travel time can be obtained. The Court must consider only matters within the Complaint, which alleges with factual specificity that moviegoers in the Buckhead-Brookhaven zone do not view the farther-afield theaters identified by AMC as reasonable substitutes for theaters within the zone.

### II.  Legal Standards

In deciding a motion to dismiss, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009). It may take notice of facts outside of the complaint only if they are "not subject to reasonable dispute because [they] . . . [are] generally known within the trial court's territorial jurisdiction[] or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The "taking of judicial notice of facts is . . . a highly limited process" because it "bypasses the safeguards . . . involved with the usual process of proving facts by competent evidence in district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). The proponent of judicial notice bears the burden of "suppl[ying] [the court] with the necessary information." Fed. R. Evid. 201(c)(2); *see* 21B Charles Alan Wright et al., *Federal Practice and Procedure* § 5108 (2d ed. 2014). When a party opposes a request for judicial notice, it must "timely object[] or move[] to strike" the evidence and "state[] the specific ground" for its objection. Fed. R. Evid. 103(a)(1).[1]

If the court considers facts outside of the pleadings that are not subject to judicial notice, the court must treat the motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). In such case, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "When that conversion occurs, . . . [t]he district court

---

[1] *See, e.g.*, *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1275-76 (11th Cir. 1999); *Williams v. Ga. Stevedore Ass'n, Inc.*, No. CV411-284, 2013 WL 1130741, at *1 n.1 (S.D. Ga. Mar. 18, 2013) (granting plaintiff's motion to strike matters outside pleadings); *Morgan v. Sears, Roebuck & Co.*, 700 F. Supp. 1574, 1576 (N.D. Ga. 1988) ("the proper method for challenging the admissibility of evidence . . . is to file a notice of objection").

is required to notify the parties that the motion has been converted, and give the parties 10 days in which to supplement the record." *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002). The Eleventh Circuit Court of Appeals "has consistently interpreted the notice rules strictly." *Id.* Once Rule 56 is triggered:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to the summary judgment motion], the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The Eleventh Circuit "has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988).

### III. Argument

#### A. AMC's "Exhibit A" and Statements Related to Google Maps' "Directions" Feature Are Not Subject to Judicial Notice

AMC's reports of the purported driving times between AMC's Buckhead theaters and the four theaters AMC references in its Motion are not properly subject to judicial notice. First, while AMC purports to rely on the "'Directions'

feature on Google Maps" for the proposition that four theaters are 15 minutes away (Motion at 3)—purported "facts" of which it claims this Court can take judicial notice—AMC does not in fact attach *any* such "facts" to its Motion. Instead, it attaches a Google Map showing only the relative *locations* of these various theaters and then nakedly asserts that the Google Maps "Directions" feature says that these four theaters are "approximately 15 minutes away" (Motion at 2-3). If a defendant wants a Court to take judicial notice of a fact, it must, at a bare minimum, actually point the Court to that fact. *See* Fed. R. Evid. 201(c)(2). AMC has not done so here. The judicial notice doctrine therefore simply does not apply. *See, e.g.*, *Brinsmade v. City of Biloxi*, 70 So. 3d 1159, 1165 (Miss. Ct. App. 2011) (judge did not err by refusing to take judicial notice of judgment where proponent failed to include the judgment in his request for judicial notice of it); *In re A.R.*, 236 S.W.3d 460, 477 (Tex. App. 2007) (trial court did not err in refusing to notice domestic violence charges pending against father when proponent failed to provide court with records of such charges). The Court cannot take judicial notice of AMC's bare claims that Google Maps purportedly estimates the driving time to these theaters at 15 minutes.

Even if this Court were willing to overlook AMC's oversight, it still could not take judicial notice of Google Maps' supposed driving time estimates. That is

because Google Maps is not a source of indisputable accuracy from which ready verification of travel time can be obtained—a prerequisite to judicial notice. *See* Fed. R. Evid. 201(b). To the contrary, travel time depends on a multitude of factors, including the time of day, the day of the week, weather, traffic conditions, and route taken. Indeed—and tellingly—AMC does not even explicitly argue that these driving time estimates *are* subject to judicial notice. It argues only that "[t]he Court may take judicial notice of the locations of nearby theaters," citing to *Proch*, 637 F.3d 1262 (Motion at 3 n.2).

But driving time estimates and the spatial relationships among points on a map are worlds apart. A map's reflection of such simple spatial relationships "cannot be reasonably questioned," and those relationships "can be accurately and readily determined" by reference to a map. Fed. R. Evid. 201(b). For example, in *Proch*, the court merely noticed, with reference to a map, that the addresses of the two locations allegedly burgled by the defendant were "separated by a side street and parking lots." 637 F.3d at 1265-66 & n.1. It concluded from "the locations of the victim businesses" that "two separate and distinct criminal episodes" had occurred. *Id.* at 1266. By contrast, Google's so-called "estimates" of driving times *can* reasonably be questioned because we have no indication of the methods or techniques it employed to determine those estimates and the conditions under

which it did so. Certainly the driving times *relevant here*—driving times at typical movie-going times, days, and conditions—cannot be "accurately and readily determined" by reference to Google's purported *average* estimates. Fed. R. Evid. 201(b). AMC cites to no authority for the proposition that this Court can take judicial notice of such highly suspect "facts." *See, e.g.*, *Shahar*, 120 F.3d at 214; *Dekalb Cnty. v. HSBC N. Am. Holdings, Inc.*, No. 1:12-CV-03640-SCJ, 2013 WL 7874104 (N.D. Ga. Sept. 25, 2013) (Jones, J.) (declining to take judicial notice of newspaper articles at motion-to-dismiss stage).

### B. Factual Disputes as to Geographic Market Are Not Appropriately Resolved at This Stage of Litigation, But Should Instead Be Developed Through Discovery and Eventually Determined by the Jury

In determining whether Cobb has adequately alleged a plausible geographic market, the Court may look only to the Complaint. *See Belanger*, 556 F.3d at 1155. The Complaint explicitly alleges that "[m]oviegoers who reside in or around Buckhead and Brookhaven ('the Buckhead-Brookhaven zone') are reluctant to travel significant distances outside of this zone to attend a film exhibition except in unusual circumstances, due in part to heavy traffic congestion as a result of significant population density in the zone." Compl. ¶ 39. The Court must accept this allegation as true. *See Belanger*, 556 F.3d at 1155. It must accept as true that heavy traffic congestion results in significantly longer driving times to these

farther-afield theaters than their distances from Buckhead-Brookhaven might suggest. It must accept as true that moviegoers who reside in this zone do not, in fact, regularly travel to these farther afield theaters.

The Court must leave for the fact-finders—the jury—the determination of whether Buckhead-Brookhaven residents treat these theaters as substitutes for AMC's Buckhead theaters, based on all of the evidence that will come to light through discovery. This evidence will include not only (verified) driving time estimates but also evidence as to whether these farther-afield theaters actually exhibit desirable first run, feature-length motion pictures (as opposed to, for example, arts or independent films), whether there is sufficient and affordable parking available at these farther-afield theaters, whether these theaters are located in areas as desirable to visit as Buckhead-Brookhaven, whether AMC views these theaters as competitors (as evidenced by whether it imposes clearances over them, as it does over Cobb's Brookhaven CinéBistro), and so on. *See Griffiths v. Blue Cross & Blue Shield of Ala.*, 147 F. Supp. 2d 1203, 1213-14 (N.D. Ala. 2001) ("Market definition is a highly fact-based analysis that generally requires discovery"; "[m]ost often, proper market definition can be determined only after a factual inquiry into the commercial realities faced by consumers.") (quotation marks omitted).

### C. If the Court Were to Convert AMC's Motion to a Motion for Summary Judgment, Then the Court Should Deny or Defer Ruling on the Motion Under Rule 56(d)

In the alternative, if the Court were to consider AMC's purported driving time estimates, then it must convert AMC's Motion to a motion for summary judgment under Rule 56, notify Cobb of that conversion, and give Cobb an opportunity to supplement the record. *See* Fed. R. Civ. P. 12(d); *Trustmark*, 299 F.3d at 1267. Although 10 days' notice is the minimum required by the Eleventh Circuit under Rule 12(d), it would be particularly appropriate here—where discovery has not even commenced—either to deny AMC's Motion or to defer ruling on it until after the parties have conducted discovery, so that Cobb may have the opportunity to discover and "present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); *see Snook*, 859 F.2d at 870; *see, e.g.*, *Walker v. JPMorgan Chase Bank, N.A.*, --- F. Supp. 2d ----, 87 Fed. R. Serv. 2d 795, 2013 WL 6662686, at *3 (N.D. Ga. 2013) ("the Court should not grant summary judgment if additional discovery would aid the nonmoving party's opposition")

## CONCLUSION

For the foregoing reasons, Cobb respectfully objects to, and requests that the Court strike and disregard, Exhibit A to AMC's Motion and all arguments in the Motion that rely on this exhibit and on Google Maps' "Directions" feature's purported estimates of the driving times between AMC's Buckhead theaters and

the Regal Hollywood Stadium 24, Regal Perimeter Point Stadium 10, Regal Atlantic Station Stadium 16, and United Artists Tara Cinemas 4.

Dated:  May 9, 2014					**Fellows LaBriola LLP**

/s/ Henry D. Fellows, Jr.
Henry D. Fellows, Jr.
Georgia Bar No. 257825
Megan C. Haley
Georgia Bar No. 113406
225 Peachtree Street, N.E., Suite 2300
Atlanta, GA 30303
Telephone:  404-586-9200
Facsimile:  404-586-9201
E-mail:  hfellows@fellab.com
E-mail:  mhaley@fellab.com

*-and-*

**Perkins Coie**

Thomas L. Boeder (*Pro Hac Vice*)
tboeder@perkinscoie.com
Catherine S. Simonsen (*Pro Hac Vice*)
csimonsen@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206-359-8000
Facsimile:  206-359-9000

*Attorneys for Plaintiffs*

## LOCAL RULE 7.1D CERTIFICATION

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

/s/ Henry D. Fellows, Jr.
Henry D. Fellows, Jr.
Georgia Bar No. 257825
**FELLOWS LABRIOLA LLP**

## **CERTIFICATE OF SERVICE**

I certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

/s/ Henry D. Fellows, Jr.
Henry D. Fellows, Jr.
Georgia Bar No. 257825
**FELLOWS LABRIOLA LLP**
