IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COBB THEATRES III, LLC; COBB THEATRES IV, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AMC ENTERTAINMENT HOLDINGS, INC.; AMC ENTERTAINMENT INC.; AMERICAN MULTI-CINEMA, INC., <br><br> Defendants. | CIVIL ACTION <br> NO. 1:14-CV-00182-SCJ |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
OBJECTION AND MOTION TO STRIKE**

Defendants AMC Entertainment Holdings, Inc., AMC Entertainment Inc. and American Multi-Cinema, Inc. hereby file this Response to Plaintiffs' Objection and Motion to Strike ("Response").

**I.    THERE IS NO SUPPORT FOR STRIKING EXHIBIT A**

Exhibit A to Defendants' Motion to Dismiss is a map showing the locations of theaters in the Atlanta, Georgia, area. (*See* Dkt. No. 19-2.) Cobb concedes that information contained in maps is subject to judicial notice, including the "locations" and "spatial relationships" of the places identified. (Dkt. No. 24 at 8.)

Cobb merely argues that it is improper to describe these distances in terms of driving times. (*Id.* at 4.)

The result, however, is the same. Whether the distances are described in terms of miles, general proximity, or driving times, the Court may take note that CinéBistro, Phipps, and Fork & Screen are not the lone theaters in the area. Instead, as demonstrated by Exhibit A and conceded by Cobb, the Court may take notice that numerous other theaters are located in and around Atlanta, are located near the theaters at issue, and are connected by major highways. *See* Fed. R. Evid. 201(b); *United States v. Proch*, 637 F.3d 1262, 1266 (11th Cir. 2011) (taking judicial notice of a map of Fort Walton Beach); *In re ING Groep, N.V. ERISA Litig.*, 749 F. Supp. 2d 1338, 1343-44 (N.D. Ga. 2010) (taking judicial notice of general economic and market conditions) ("Federal Rule of Evidence 201(b) allows a court to take judicial notice of facts that are '(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'").

Indeed, Cobb affirms the location of these theaters in its own Exhibit A— attached to its brief opposing the Motion to Dismiss. (Dkt. No. 25 at 32-38 (showing the address of several theaters in Atlanta along with movie showtimes)).

Thus, this information—which renders implausible the gerrymandered geographic market definition asserted in the Complaint—is not disputed. Cobb cites no support—and indeed does not argue—that the Court cannot take notice of the locations of theaters in and around Atlanta, Georgia, as shown in Exhibit A. Therefore, there are no grounds to strike this exhibit.

## II.   VALIDITY OF COBB'S NARROWLY DEFINED MARKET

Next, to distract from the undisputed facts about the presence of other movie theaters in the Atlanta area, Cobb attempts to argue, unpersuasively, the merits of its allegation that Plaintiffs' and Defendants' theaters constitute an isolated market for antitrust purposes. (Dkt. No. 24 at 9-10.) These arguments are irrelevant to Cobb's Motion to Strike and instead address the merits of the Complaint's purported market definition. Therefore, the failings of Cobb's market definition arguments are addressed in AMC's Reply in support of the Motion to Dismiss, filed contemporaneously herewith. (*See* Dkt. No. 29.)[1]

---

[1] As addressed in more length in the Reply (Dkt. No. 29 at 4), Cobb's assertion that market definition is an issue of fact wholly ignores the requirement that a plaintiff must still ***allege facts*** that support the relevant market asserted, with reference to well-recognized antitrust market principles. *See* Dkt. No. 24 at 10; *cf. Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 1327, 1336 (11th Cir. 2010). Cobb apparently realizes that the Complaint failed to do so, since Cobb resorts to arguing that the Court "must accept as true" statements that purport to dispute driving distances, but are not found in the Complaint. (*See* Dkt. No. 24 at 10-11 (asserting that the drive times are "significantly longer" and that movie-goers "do not"

### III. CONVERSION TO MOTION FOR SUMMARY JUDGMENT IS INAPPROPRIATE

Last, Cobb argues that consideration of Exhibit A requires conversion of the Motion to Dismiss to a motion for summary judgment. A court, however, may properly consider facts subject to judicial notice at the dismissal stage. *See* Fed. R. of Evid. 201(b); *see also, e.g., Monge v. Madison County Record, Inc.*, 802 F. Supp. 2d 1327, 1330 n.1 (N.D. Ga. 2011); *In re ING Groep, N.V. ERISA Litig.,* 749 F. Supp. 2d at 1344 ("The Court may take judicial notice at any point in the proceeding, including during a motion to dismiss."). Therefore, the Court need not convert the Motion to Dismiss to a motion for summary judgment.

### CONCLUSION

For these reasons, Defendants request that the Court overrule and deny Plaintiffs' Objection and Motion to Strike.

---

regularly travel to other locations)). Importantly, even if these allegations were supported by the Complaint, they would still not be sufficient to establish a valid geographic market because they do not plausibly suggest that consumers could not "realistically turn" to other theaters to see movies. (*See* Dkt. No. 29 at 4-5.)

Dated:	June 13, 2014	Respectfully submitted,

/s/ Jonathan D. Parente
Mary C. Gill
Georgia Bar No. 294776
mary.gill@alston.com
Adam J. Biegel
Georgia Bar No. 056898
adam.biegel@alston.com
Jonathan D. Parente
Georgia Bar No. 425727
jonathan.parente@alston.com
    ALSTON & BIRD LLP
    One Atlantic Center
    1201 W. Peachtree Street
    Atlanta, GA  30309-3424
    Telephone:   (404) 881-7000
    Facsimile:    (404) 881-7777

Michael A. Swartzendruber
Texas Bar No. 19557702
michael.swartzendruber@nortonrosefulbright.com
Jason K. Fagelman
Texas Bar No. 00796525
jason.fagelman@nortonrosefulbright.com
Rachel L. Williams
Texas Bar No. 24067175
rachel.williams@nortonrosefulbright.com
Nicholas Taunton
Texas Bar No. 24079439
nicholas.taunton@nortonrosefulbright.com
(*Admitted pro hac vice*)
    FULBRIGHT & JAWORSKI LLP
    2200 Ross Avenue, Suite 2800
    Dallas, TX  75201-2784
    Telephone:   (214) 855-8000
    Facsimile:    (214) 855-8200

    Darryl Anderson
    Texas Bar No.  24008694
    darryl.anderson@nortonrosefulbright.com
    *(Pro hac vice application pending*)
     FULBRIGHT & JAWORSKI LLP
     1301 McKinney Street, Suite 5100
     Houston, TX  77010
     Telephone: (713) 651-5562
     Facsimile: (713) 651-5246

    **COUNSEL FOR DEFENDANTS AMC ENTERTAINMENT HOLDINGS, INC.; AMC ENTERTAINMENT INC.; AMERICAN MULTI-CINEMA, INC.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COBB THEATRES III, LLC; COBB THEATRES IV, LLC, <br><br>    Plaintiffs, <br><br> v. <br><br> AMC ENTERTAINMENT HOLDINGS, INC.; AMC ENTERTAINMENT INC.; AMERICAN MULTI-CINEMA, INC., <br><br>    Defendants. | §§§§§§§§§§§§§§ CIVIL ACTION NO. 1:14-CV-00182-SCJ |

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

I certify that this response was prepared with 14 point Times New Roman font, in compliance with Local Rule 5.1.

Dated this 13th day of June, 2014.

                                                            /s/ Jonathan D. Parente

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COBB THEATRES III, LLC; COBB THEATRES IV, LLC, <br><br>Plaintiffs, <br><br>v. <br><br>AMC ENTERTAINMENT HOLDINGS, INC.; AMC ENTERTAINMENT INC.; AMERICAN MULTI-CINEMA, INC., <br><br>Defendants. | CIVIL ACTION <br>NO. 1:14-CV-00182-SCJ |

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing Response to Plaintiffs' Objection and Motion to Strike with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated this 13th day of June, 2014.

/s/ Jonathan D. Parente