IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COBB THEATRES III, LLC; COBB THEATRES IV, LLC,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>AMC ENTERTAINMENT HOLDINGS, INC.; AMC ENTERTAINMENT INC.; AMERICAN MULTI-CINEMA, INC.,<br><br>　　　　Defendants. | CIVIL ACTION FILE NO.<br><br><br><br>1:14-CV-00182-ELR |

## JOINT MOTION TO AMEND THE SCHEDULING ORDER

Plaintiffs Cobb Theatres III, LLC, and Cobb Theatres IV, LLC (together, "Cobb") and Defendants AMC Entertainment Holdings, Inc.; AMC Entertainment Inc.; and American Multi-Cinema, Inc. (together, "AMC"), by and through their undersigned attorneys, jointly move to amend the Scheduling Order to allow for a modest extension of the discovery deadlines.  The parties respectfully request that the Court extend the fact discovery cutoff from January 14, 2016 to April 29, 2016, and extend the expert discovery cutoff from May 4, 2016 to August 5, 2016.  In addition, the parties respectfully request that the Court adopt the parties' proposed expert discovery schedule, outlined in further detail below.

128311074.2

## FACTS

Cobb filed its Complaint on January 22, 2014.  (Doc. No. 1.)  On April 16, 2014, the parties filed a consent motion to stay discovery pending the Court's ruling on AMC's Motion to Dismiss the Complaint.  (Doc. No. 22.)  On April 17, 2014, the Court granted the consent motion.  (Doc. No. 23.)  On March 20, 2015, the Court denied AMC's Motion to Dismiss.  (Doc. No. 44.)

After AMC filed its Answer, the parties held a Rule 26(f) conference on April 27, 2015.  The parties served requests for production ("RFP") and interrogatories on the earliest possible dates permitted under the Rules—May 14–15, 2015.  Cobb served a second set of RFPs on June 10, 2015.  On June 18, 2015, Cobb and AMC served responses to the opposing side's first RFPs and interrogatories, and AMC served its responses to Cobb's second RFPs on July 13, 2015.

The parties held several meet-and-confers throughout July, August, and September, and through those negotiations, were able to resolve the majority of their discovery disputes, agree upon a list of search terms to use or test, and finalize a Stipulation Regarding Rentrak Data (Doc. No. 70) and a Stipulation Regarding Expert Discovery (Doc. No. 71).

However, the parties could not agree on whether Cobb could use email

128311074.2

threading and suppression technology in its document production, and whether certain of AMC's documents referring or relating to its clearances over actual or potential theaters other than Cobb's were discoverable. Cobb filed a motion to compel these documents on September 18, 2015 (Doc. No. 65), and briefing on the Motion was completed on October 19, 2015. On September 28, 2015, the Court held a hearing on the email threading and suppression issue (Doc. No. 67), and on October 5, 2015, the Court ordered the parties to make additional attempts to resolve the dispute without the need for intervention from the Court (Doc. No. 68). The parties did so and have preliminarily resolved the dispute.

The parties worked diligently throughout the foregoing negotiations to reach compromise so that they could move on to producing documents. Despite this diligence, it took two to three months since the last original discovery responses were served to reach agreement on most of the parties' discovery disputes and to crystallize which limited disputes could not be resolved without Court intervention. While counsel for both parties were working with their clients during that time to identify relevant custodians and prepare for document processing and production, practically speaking, document production could not meaningfully move forward until the parties had resolved fundamental issues regarding the scope of discovery and search terms.

Document collection and production are now under way: Cobb has already produced two small sets of documents; the parties have exchanged small test productions to ensure that production formats are mutually workable; and they anticipate full rolling productions to begin by mid-November, 2015. The parties will then need time to review opposing productions before they are in a position to take opposing-party depositions, which therefore realistically will not begin until January, 2016 at the earliest. Cobb has identified seven custodians with potentially relevant information, and AMC has identified 28. Thus, the 10 party-deposition limit is likely to be approached if not reached in this case. In addition, the parties anticipate at least 10 non-party depositions.

As noted above, fact discovery is scheduled to close on January 14, 2016, with expert discovery closing on May 4, 2016.

## MEMORANDUM OF LAW

The parties jointly move to extend the fact discovery cutoff from January 14, 2016 to April 29, 2016 and to extend the expert discovery cutoff from May 4, 2016 to August 5, 2016.

The Court "may, for good cause, extend the time" for the parties to complete fact and expert discovery. Fed. R. Civ. P. 6(b)(1); see Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Good cause exists for the modest extension requested by the parties. This case involves large volumes of document discovery—indeed, the parties have each collected millions of individual documents. Although the parties have worked diligently to collect, search, and begin reviewing these large volumes of documents, document production will not materially commence in this case before mid-November, 2015, and the parties will therefore not be in a position to take opposing-party depositions until January, 2016 at the earliest. Given the anticipated 20–30 depositions (or more) in this case, the parties will not be able to complete fact depositions by the current fact discovery cutoff of January 14, 2016. An additional three and a half months are therefore warranted to afford the parties time to complete fact discovery.

The Scheduling Order currently allows for approximately 16 weeks of expert discovery following fact discovery, with an expert discovery cutoff date of May 4, 2016. The parties propose the Court adopt the following expert discovery deadlines:

| | |
|---|---|
| April 29, 2016: | Deadline for plaintiffs and any counter-plaintiffs to provide expert reports |
| May 27, 2016: | Deadline to depose experts submitting reports on April 29, 2016 |
| June 24, 2016: | Deadline for defendants and any counter-defendants to provide opposing expert reports |

- 6 -

| | |
|---|---|
| July 13, 2016: | Deadline to depose experts submitting reports on June 24, 2016 |
| July 22, 2016: | Deadline for plaintiffs and any counter-plaintiffs to provide expert rebuttal reports |
| August 5, 2016: | Deadline to depose experts submitting reports on July 22, 2016 |

Dated:  November 5, 2015        /s/ Catherine S. Simonsen

**FELLOWS LABRIOLA LLP**
Henry D. Fellows, Jr.
Georgia Bar No. 257825
Amy Durrence
Georgia Bar No. 170398
225 Peachtree Street, N.E., Suite 2300
Atlanta, GA 30303
Telephone:  404-586-9200
Facsimile:  404-586-9201

*-and-*

**PERKINS COIE LLP**
Thomas L. Boeder (*Pro Hac Vice*)
tboeder@perkinscoie.com
Eric J. Weiss (*Pro Hac Vice*)
eweiss@perkinscoie.com
Catherine S. Simonsen (*Pro Hac Vice*)
csimonsen@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206-359-8000
Facsimile:  206-359-9000

*Attorneys for Plaintiffs*

/s/ Barton W. Cox
**ALSTON & BIRD LLP**
Mary C. Gill
Georgia Bar No. 294776
Adam J. Biegel
Georgia Bar No. 056898
One Atlantic Center
1201 W. Peachtree Street
Atlanta, GA  30309-3424
Telephone:  (404) 881-7000
Facsimile:   (404) 881-7777

*-and-*

**NORTON ROSE FULBRIGHT US LLP**
Michael A. Swartzendruber
michael.swartzendruber@nortonrosefulbright.com
Barton W. Cox
beau.cox@nortonrosefulbright.com
Rachel L. Williams
rachel.williams@nortonrosefulbright.com
(*Admitted pro hac vice*)
2200 Ross Avenue, Suite 2800
Dallas, TX  75201-2784
Telephone:  (214) 855-8000
Facsimile:   (214) 855-8200

Darryl Anderson
darryl.anderson@nortonrosefulbright.com
(*Admitted pro hac vice*)
1301 McKinney Street, Suite 5100
Houston, TX 77010
Telephone:  (713) 651-5562

*Attorneys for Defendants*

# **[PROPOSED] ORDER**

The Court has reviewed the reasons offered in support of entry of this Joint Motion to Amend the Scheduling Order and finds that there is good cause for the requested extensions. Accordingly, the following deadlines are ORDERED in this case:

| | |
|---|---|
| April 29, 2016: | All fact discovery shall be completed |
| April 29, 2016: | Deadline for plaintiffs and any counter-plaintiffs to provide expert reports |
| May 27, 2016: | Deadline to depose experts submitting reports on April 29, 2016 |
| June 24, 2016: | Deadline for defendants and any counter-defendants to provide opposing expert reports |
| July 13, 2016: | Deadline to depose experts submitting reports on June 24, 2016 |
| July 22, 2016: | Deadline for plaintiffs and any counter-plaintiffs to provide expert rebuttal reports |
| August 5, 2016: | Deadline to depose experts submitting reports on July 22, 2016 |
| August 5, 2016: | All expert discovery shall be completed |

DATED: _____, 2015        _____
                                   Eleanor L. Ross
                                   United States District Judge
                                   Northern District of Georgia

128311074.2