IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| COBB THEATRES III, LLC; COBB THEATRES IV, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AMC ENTERTAINMENT HOLDINGS, INC.; AMC ENTERTAINMENT INC.; AMERICAN MULTI-CINEMA, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION FILE <br> NO. 1:14-CV-00182-ELR |

## DEFENDANTS' MOTION TO COMPEL
## PRODUCTION OF DOCUMENTS

Defendants AMC Entertainment Holdings, Inc., AMC Entertainment, Inc., and American Multi-Cinema, Inc. ("AMC" or "Defendants") respectfully file this Motion to Compel Production of Documents from Plaintiffs Cobb Theatres III, LLC and Cobb Theatres IV, LLC ("Cobb" or "Plaintiffs").

This is an antitrust case in which Cobb alleges that AMC has committed antitrust violations to secure an unfair allocation of first-run films at its theaters in Atlanta. Cobb also alleges that AMC has interfered with Cobb's ability to open new theaters in three market areas. Contrary to Cobb's assertions, AMC contends

1

that its film licensing practices are lawful and consistent with standard industry practice and that it has competed fairly with Cobb in accordance with the law.

This Motion seeks to compel Cobb to collect and produce two relevant and narrow types of documents that Cobb has thus far refused to provide in discovery.

**A.  AMC Moves to Compel Cobb to Collect and Produce Documents from Two Additional Relevant Custodians: Fred Meyers and Guy Austin.**

Cobb has produced approximately 20,000 documents that were collected from 9 specific custodians. Numerous documents within this universe demonstrate that two additional employees—Fred Meyers (Cobb's Executive Director of CinéBistro Theaters) and Guy Austin (Cobb's Executive Director of Operations)—play major roles in the subjects that Cobb has placed at the center of this case. Nonetheless, Cobb has refused to even collect documents from these two additional employees. AMC therefore seeks an Order compelling Cobb to collect and produce Mr. Meyers' and Mr. Austin's non-privileged, responsive documents, as previously and validly requested by AMC.

**B.  AMC Moves to Compel Cobb to Produce Documents Responsive to Requests for Production Nos. 70 and 71 Related to Discrete Theater Sites in Three Markets Cobb Has Put at Issue.**

Request for Production Nos. 70 and 71 seek Cobb's documents related to its evaluation of specific alternative theater sites within the three markets where Cobb contends that AMC deprived it of the opportunity to open a new theater. Despite

having already conceded the relevancy of the materials sought, Cobb has refused to produce any documents responsive to these requests unless AMC accedes to an unacceptable global "compromise" that would result in the exclusion of many of the documents AMC seeks. AMC therefore seeks an order compelling Cobb to produce all non-privileged documents responsive to Request Nos. 70 and 71.

The full text of these Requests and Cobb's responses are as follows:

**REQUEST FOR PRODUCTION NO. 70**: All documents related to Your analysis, consideration, evaluation, proforma, and determination regarding the sites identified in response to AMC's Interrogatory No. 15 and/or the sites identified in response to AMC's Interrogatory No. 9.

**RESPONSE**: Cobb hereby incorporates its Objections and Responses Common to All Requests stated above.
    Subject to and without waiving any of the foregoing objections, Cobb responds as follows:
    With respect to the sites identified in Cobb's response to AMC's Interrogatory No. 15, Cobb will produce responsive, non-privileged documents that it locates after a reasonable search. The only responsive documents Cobb is withholding regarding these sites are those subject to Cobb's Objection on Grounds of Privilege.
    With respect to the sites identified in Cobb's response to AMC's Interrogatory No. 9, Cobb is withholding all responsive documents based on its Objection on Grounds of Non-Discoverability, except to the extent that such documents are responsive to another of AMC's requests for production in response to which Cobb has agreed to produce responsive, non-privileged documents, but only to the extent of Cobb's agreement to produce non-privileged documents responsive to such other request(s) of AMC's. This Request seeks documents related to 18 sites Cobb's consideration of which has no bearing on this litigation as Cobb has not claimed that AMC prevented Cobb from developing a theater at these sites; these sites

were and are not substitutes for the sites identified in Cobb's response to AMC's Interrogatory No. 15; that Cobb did not develop a theater at some of these sites and the reasons therefor have no relevance to Cobb's claim that AMC caused Cobb not to develop a theater at the sites identified in Cobb's response to AMC's Interrogatory No. 15; and three of these sites are active development sites for Cobb. Moreover, responsive documents regarding these sites are highly confidential and commercially sensitive, and disclosure of these documents to Cobb's competitor could damage Cobb's legitimate business and competitive interests.

By way of further response, Cobb refers AMC to the email correspondence between Catherine Simonsen and Beau Cox regarding this Request. Cobb proposed a global compromise offer with respect to AMC's RFP Nos. 71 and 72, which would have resulted in Cobb producing more documents responsive to this Request than it is now agreeing to produce, and which AMC rejected.

**REQUEST FOR PRODUCTION NO. 71**: All communications with Landlords, Distributors, Exhibitors, or other third parties regarding Your plans, considerations, or negotiations for prospective new theaters within or in close proximity to the same DMA as any theater with which Cobb claims AMC tortiously interfered, including the sites identified in response to AMC's Interrogatory No. 9.

**RESPONSE**: Cobb hereby incorporates its Objections and Responses Common to All Requests stated above. Cobb further objects to this Request in that the term "in close proximity" is vague, ambiguous, and subject to multiple interpretations.

Subject to and without waiving any of the foregoing objections, Cobb responds as follows:

Cobb is withholding all responsive documents based on its Objection on Grounds of Non-Discoverability, except to the extent that such documents are responsive to another of AMC's requests for production in response to which Cobb has agreed to produce responsive, non-privileged documents, but only to the extent of Cobb's agreement to produce non-privileged documents responsive to such other request(s) of AMC's. This Request seeks documents related to countless sites Cobb's consideration of which has no

4

bearing on this litigation as Cobb has not claimed that AMC prevented Cobb from developing a theater at prospective theater sites "within or in close proximity to the same DMA as any theater with which Cobb claims AMC tortiously interfered"; such prospective theater sites were and are not substitutes for the sites with which Cobb claims AMC tortiously interfered; that Cobb did not develop a theater at some of these prospective theater sites and the reasons therefor have no relevance to Cobb's claim that AMC caused Cobb not to develop a theater at the sites identified in Cobb's response to AMC's Interrogatory No. 15; and some of these sites are active development sites for Cobb. Moreover, responsive documents regarding these sites are highly confidential and commercially sensitive, and disclosure of these documents to Cobb's competitor could damage Cobb's legitimate business and competitive interests.

By way of further response, Cobb refers AMC to the email correspondence between Catherine Simonsen and Beau Cox regarding this Request. Cobb proposed a global compromise offer with respect to AMC's RFP Nos. 71 and 72, which would have resulted in Cobb producing more documents responsive to this Request than it is now agreeing to produce, and which AMC rejected.[1]

AMC also seeks an Order compelling Cobb to locate such relevant documents using the search terms set forth in Paragraph 6 of the Declaration of Barton Wayne Cox, a true and correct copy of which is filed with Defendants' Memorandum of Law in Support of AMC's Motion to Compel Production of Documents as Exhibit 1.

---

[1] Plaintiff's Objections and Responses to Defendants' Second Set of Requests for Production, a true and correct copy of which is filed with Defendants' Memorandum of Law in Support of Defendants' Motion to Compel Production of Documents as Exhibit 33.

## **CONCLUSION**

AMC requests that the Court order Cobb to collect and produce documents from two additional relevant custodians. AMC also requests that the Court order Cobb to produce documents responsive to Requests for Production Nos. 70 and 71 that refer or relate to potential theater sites located in the three Designated Market Areas that Cobb has placed at issue.

Dated: January 8, 2016

Respectfully submitted,

*/s/ Mary C. Gill*
Mary C. Gill
Georgia Bar No. 294776
mary.gill@alston.com
Jonathan D. Parente
Georgia Bar No. 425727
jonathan.parente@alston.com
    Alston & Bird LLP
    One Atlantic Center
    1201 W. Peachtree Street
    Atlanta, GA 30309-3424
    Telephone: (404) 881-7000
    Facsimile: (404) 881-7777

Michael A. Swartzendruber
Texas Bar No. 19557702
michael.swartzendruber@nortonrosefulbright.com
Beau Cox
Texas Bar No. 24065087
beau.cox@nortonrosefulbright.com
(*Admitted pro hac vice*)
    NORTON ROSE FULBRIGHT US LLP
    2200 Ross Avenue, Suite 3600
    Dallas, TX 75201-7932
    Telephone: (214) 855-8000
    Facsimile: (214) 855-8200

**COUNSEL FOR DEFENDANTS AMC ENTERTAINMENT HOLDINGS, INC.; AMC ENTERTAINMENT INC.; AMERICAN MULTI-CINEMA, INC.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| COBB THEATERS III, LLC; COBB THEATERS IV, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AMC ENTERTAINMENT HOLDINGS, INC.; AMC ENTERTAINMENT INC.; AMERICAN MULTI-CINEMA, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § § | CIVIL ACTION FILE <br> NO. 1:14-CV-00182-ELR |

## CERTIFICATE OF COMPLIANCE WITH FED. R. CIV. P. 37(a) AND LOCAL RULE 37.1(1)

I certify that Defendants have in good faith conferred or attempted to confer with Plaintiffs regarding each of the discovery disputes at issue in this Motion in an effort to obtain the discovery without court action.

Dated this 8th day of January, 2016.

/s/ *Barton Wayne Cox*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| COBB THEATERS III, LLC; COBB THEATERS IV, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AMC ENTERTAINMENT HOLDINGS, INC.; AMC ENTERTAINMENT INC.; AMERICAN MULTI-CINEMA, INC.,<br><br>Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION FILE<br>NO. 1:14-CV-00182-ELR |

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

I certify that this document was prepared with 14 point Times New Roman font, in compliance with Local Rule 5.1.

Dated this 8th day of January, 2016.

*/s/ Mary C. Gill*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| COBB THEATERS III, LLC; COBB THEATERS IV, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AMC ENTERTAINMENT HOLDINGS, INC.; AMC ENTERTAINMENT INC.; AMERICAN MULTI-CINEMA, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION FILE <br> NO. 1:14-CV-00182-ELR |

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Catherine S. Simonsen, Perkins Coie  csimonsen@perkinscoie.com
Eric J. Weiss, Perkins Coie  eweiss@perkinscoie.com
Thomas L. Boeder, Perkins Coie  tboeder@perkinscoie.com
Henry D. Fellows, Fellows LaBriola  hfellows@fellab.com
Amy Durrence, Fellows LaBriola  adurrence@fellab.com

Dated this 8th day of January, 2016.

*/s/ Mary C. Gill*
Mary C. Gill