IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COBB THEATRES III, LLC; COBB THEATRES IV, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AMC ENTERTAINMENT HOLDINGS, INC.; AMC ENTERTAINMENT INC.; AMERICAN MULTI-CINEMA, INC.,<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>1:14-CV-00182-ELR |

**PLAINTIFFS' MOTION TO STRIKE OR FOR LEAVE TO FILE A SURREPLY TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND MOTION TO STRIKE GEOGRAPHIC MARKET OPINIONS, WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, Cobb Theatres III, LLC and Cobb Theatres IV, LLC (together, "Cobb"), respectfully submit this Motion to Strike portions of Defendants AMC Entertainment Holdings, Inc., AMC Entertainment Inc., and American Multi-Cinema, Inc.'s ("AMC") Reply Briefs[1] or for Leave To File a Surreply to AMC's

[1] AMC's Reply Brief in Support of Its Motion for Summary Judgment on Cobb's Claims Related to Buckhead-Brookhaven Theatres ("MSJ1 Reply" or "Buckhead-Brookhaven Reply") (ECF No. 237), AMC's Reply Brief in Support of Its Motion for Summary Judgment on Cobb's Claims Related to the Eight Prospective Theatre Locations ("MSJ2 Reply" or "Development Sites Reply")

Motions for Summary Judgment[2] and Motion to Strike Geographic Market Opinions.[3] A copy of Plaintiffs' Surreply is attached hereto as Exhibit 1.

## I. INTRODUCTION

In its Summary Judgment and Motion to Strike Replies, AMC makes new arguments and cites new evidence for the first time. This is not only improper but also a clear violation of this Court's Local Rules, which expressly require a summary judgment movant to obtain leave of court *prior* to filing anything other than a summary judgment reply brief. This Court's precedents are clear that, in such circumstances, the Court should either strike the new material or grant the opposing party leave to respond. The Court should do so here.

---

(ECF Nos. 238 (redacted) & 239 (sealed)), and AMC's Reply Brief in Support of Its Motion to Strike Geographic Market Opinions of Cobb's Expert Roy Weinstein ("Strike Reply") (ECF Nos. 240 (redacted) & 241 (sealed)).

[2] AMC's Motion for Summary Judgment on Cobb's Claims Related to Buckhead-Brookhaven Theatres ("MSJ1" or "Buckhead-Brookhaven Motion") (ECF Nos. 185-1 (redacted) & 186 (sealed)) and AMC's Motion for Summary Judgment on Cobb's Claims Related to the Eight Prospective Theatre Locations ("MSJ2" or "Development Sites Motion") (ECF Nos. 187-1 (redacted) & 188 (sealed)).

[3] AMC's Motion to Strike Geographic Market Opinions of Cobb's Expert Roy Weinstein ("Motion to Strike") (ECF Nos. 155 (redacted) & 156 (sealed)).

## II. ARGUMENT

### A. Legal Standard

As Cobb explained in its Response in Opposition to AMC's Motion for Leave to Include Newly Produced Evidence with AMC's Motion for Summary Judgment Reply Brief (ECF Nos. 231 (redacted) & 232 (sealed)) ("Response to Motion for Leave"), which Cobb incorporates by reference as though fully set forth herein, this Court's Local Rules expressly forbid summary judgment movants from filing anything other than a reply brief after the non-movant has submitted its response. See N.D. Ga. Civ. Local R. 56.1(A) ("the parties shall not be permitted to file supplemental briefs and materials, with the exception of a reply by the movant, except upon order of the court"); Smith v. Wynfield Dev. Co., 451 F. Supp. 2d 1327, 1339 (N.D. Ga. 2006) (Thrash, C.J.). More generally, "a party may not raise new grounds for granting its motion in a reply." Int'l Telecomm'cns Exch. Corp. v. MCI Telecomm'cns Corp., 892 F. Supp. 1520, 1531 (N.D. Ga. 1995); see United States v. Oakley, 744 F.2d 1553, 1556 (11th Cir. 1984) ("Arguments raised for the first time in a reply brief are not properly before the reviewing court.").

Where a summary judgment movant violates either the general rule against new arguments in reply briefs or the specific local rule against filing "supplemental

. . . materials" with replies, the court has two options: "the Court may either strike the new grounds or permit the non-moving party additional time to respond to the new argument" via a surreply. Int'l Telecomm'cns, 892 F. Supp. at 1531.

Whether to allow the filing of a surreply to address new arguments or evidence raised in a reply brief—or for any other "valid reason"—is a matter of the court's discretion. St. James Entm't LLC v. Dash Crofts, 2010 WL 2802616, at *1-2 (N.D. Ga. July 13, 2010).[4] That said, "a district court can abuse its discretion by failing to give the opposing party a chance to respond to materials presented for the first time in a reply brief and instead granting summary judgment on the basis of that evidence." First Specialty Ins. Corp. v. 633 Partners, Ltd., 300 F. App'x 777, 788 (11th Cir. 2008) (citing Doebele v. Sprint/United Mgmt. Co., 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) (finding that the district court "abused its discretion to the extent it relied on new evidentiary materials presented for the first time in" a summary judgment reply brief); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (determining that the district court should have given the

---

4 See, e.g., United States v. Rosso, 2015 WL 7115860, at *9 (N.D. Ga. Nov. 12, 2015) (granting plaintiff leave to file surreply "to address arguments raised by [defendant] for the first time in her reply briefing"); United States v. Barnes, 2015 WL 5793047, at *5 n.2 (N.D. Ga. Sept. 30, 2015) (granting defendant leave to file surreply "to address arguments raised by the [plaintiff] for the first time in reply briefing" and "a recent case citation"); Gemini Ins. Co. v. Stafford Transp., Inc., 2016 WL 4582071, at *2 (N.D. Ga. May 27, 2016).

nonmoving party an opportunity to respond to new evidence raised in the reply to a motion for summary judgment)).

### B. AMC's Replies Raise New Arguments and Rely on New Evidence, Which Should Be Stricken, or Leave To File a Surreply Should Be Granted

In a last-ditch, trial-by-ambush effort to prevail on summary judgment, AMC raises new arguments and issues and cites to new evidence in its Replies that it failed to raise in its opening briefs.

1. Most egregiously, despite fully knowing that leave of this Court was required prior to citing new evidence—indeed, despite having moved this Court for permission to file new evidence and having *failed* to obtain this Court's leave to do so—AMC filed new evidence with its Development Sites Reply anyway,

As Cobb explained in its Response to AMC's Motion for Leave, the only argument AMC advanced in its opening brief

[5] See Declaration of Catherine S. Simonsen (ECF No. 213) ("Simonsen Decl."), Ex. 263 (J. Welman Dep.), 286:21-287:4 ); id. at 293:15-16 ( ."); id. at 299:2-9 ( ").



[redacted]

Simonsen Decl., Ex. 266 (J. Cobb Decl.) ¶ 5.

Confronted with conclusive evidence contradicting the sole causation argument AMC relied on in its opening brief—all of which except Jeff Cobb's declaration was in AMC's possession at the time it made that argument—AMC now seeks to make a *different* argument as to causation that *contradicts* its original argument. [redacted] Advancing this entirely new argument in AMC's reply brief—with citation to new evidence cited for the first time—is entirely improper and a gross violation of the Local Rules. The Court should strike this argument in AMC's reply brief (MSJ2 Reply at 18, lines 9-14 & nn.14-15) and should strike from the record the document and testimony of Jeff Cobb AMC filed therewith (MSJ2 Reply, Exs. 1-2).

In the alternative, if the Court were to consider this new argument and evidence in ruling on AMC's Development Sites Motion, then Cobb should be granted the opportunity to respond to them. As Cobb's Surreply explains, there is a genuine dispute of fact as to whether, [redacted]

2. The new arguments and evidence included in AMC's Replies are not limited to those related to [redacted]. *Five* times in its Buckhead-Brookhaven Reply, AMC cites to deposition testimony it *never* cited in its opening briefing, *did not* include in its exhibits filed in support thereof, and *failed* to cite in its Statements of Undisputed Material Facts:

- On page 10, lines 2-5, AMC cites for the first time (and mischaracterizes) deposition testimony of Cobb's industry expert, Paul Springer, for the purported proposition that he "has acknowledged that clearances ***increase*** the shelf space for films in an area, which is a 'conduit for more variety'—something he acknowledges 'is a good thing for consumers.'"

- On page 13, lines 13-18, AMC cites for the first time deposition testimony of Jerry Pokorski of Paramount for the disputed proposition that "Paramount has never recognized the clearances in Atlanta and has offered ***all*** of its films to Cobb—including *Wolf of Wall Street*."

- On page 14, lines 4-8, AMC cites for the first time (and mischaracterizes) deposition testimony of Cobb Film Buyer Jerry Brand in support of its misleading argument that "***Warner Bros. offered Gravity to Cobb***, but Cobb chose to pass on the film."

- On page 14, line 11, to page 15, line 2, AMC cites for the first time deposition testimony of Mr. Brand in support of the false proposition that Cobb's arguments that AMC engaged in circuit dealing "boil down to a complaint that AMC has [merely] ***discussed*** multiple films/theatres with distributors as part of single communications," which "is not cognizable circuit dealing."

- At footnote 9 on pages 16-17, AMC cites for the first time deposition testimony of Cobb CEO Robert Cobb for the highly contested and misleading argument that "[t]here is no basis to equate the *Griffith* 'closed town' to modern day, 3-mile film licensing zones, as modern patrons can and do drive to any number of theatres in any given urban area."

In all of these cases, AMC cites in reply *not* to exhibits filed by AMC or Cobb with their summary judgment briefing, but rather to the full deposition transcript copies that the Court requires parties to file, as a courtesy, for the Court. <u>See</u> N.D. Ga. Civ. Local R. 56.1(C). Those full transcript copies are not part of the summary judgment record in this case, because neither AMC nor Cobb included them as exhibits to their filings. <u>See id.</u> AMC's citation to these full deposition transcripts—and its arguments based on this new evidence—are a blatant violation of the rule against stating new grounds on reply and an improper attempt at an end-run around the Local Rules' requirement that a summary judgment movant not

submit supplemental materials with its reply brief. The Court should strike this material or grant Cobb the opportunity to respond to it. Cobb's Surreply addresses this newly-cited evidence and these new arguments and explains why they do not negate any genuine dispute of material fact.

3. For the first time in reply, AMC argues that Cobb, as the plaintiff in "a clearance case," must prove "*both* that the clearance (i) is unreasonable under the seven-factor Paramount [substantial competition] test, and (ii) has harmed competition within a properly defined geographic market" under the full-blown rule of reason (MSJ1 Reply at 2-4). Cobb is entitled to respond to this new argument with authority establishing that an antitrust plaintiff complaining of blanket clearances cannot be held to a higher standard of proof than any other antitrust plaintiff outside the movie industry context is. If Cobb is required to show no substantial competition, then it cannot also be required to meet a traditional full-blown rule-of-reason proof.

4. AMC also raises new arguments against the admissibility of evidence Cobb submitted with its Responses that Cobb should have the opportunity to respond to. Specifically, the unsolicited emails from Cobb's customers, complaining of their reduced welfare from being unable to see their desired films at Brookhaven (Simonsen Decl, Exs. 1-12)—are not "unsworn 'testimonials'" or

"inadmissible hearsay" (MSJ1 Reply at 6 n.6). See Fed. R. Evid. 803(6). And Jeremy Welman's declaration (Simonsen Decl., Ex. 267) is not a "sham" declaration (MSJ2 Reply at 18-19) because it does not contradict his prior testimony without explanation. The Court should grant Cobb leave to file its Surreply in which it addresses these new arguments. See, e.g., Hill v. Ford Motor Co., 2014 WL 916486, at *6 (N.D. Ga. Mar. 10, 2014) (denying motion to strike surreply: "[I]n its reply, defendant argued that this Court should not consider the affidavit and report of two fire investigators on which plaintiffs based their opposition to the motion for summary judgment. Certainly, it was understandable that defendant would make this argument, but it was a 'new' argument that called for a rebuttal by plaintiffs.")

5. For the first time in its reply briefing, AMC argues that there is "no evidence of anticompetitive motive" or exclusionary (as opposed to merely unfair) conduct (MSJ2 Reply at 3 n.6). The Court should strike this new argument or allow Cobb an opportunity to respond with citations to the abundant evidence that AMC's aggressive clearance conduct and threats were indisputably motivated by an anticompetitive ambition to insulate its theaters from competition from new, innovative rivals.

6. AMC also argues for the first time in reply that "[d]irect competitor-

to-competitor threats of future conduct are not, in and of themselves, antitrust violations" (MSJ2 Reply, § 3).  The Court should strike this new argument or grant Cobb the opportunity to correct this misstatement of the law with citations to cases in which courts have recognized antitrust claims based purely on direct competitor-to-competitor threats.

7.      Again for the first time in reply, AMC advances a new argument for keeping the preparedness and intent question from the jury—because of a purported "policy consideration" regarding preventing duplicative recoveries (MSJ2 Reply at 9, line 18, to page 10, line 6).  The Court should strike this new argument or grant Cobb leave to respond to it.

8.      In reply, AMC for the first time argues—with no citation to evidence—that Cobb passed on the Gulfstream Park site irrespective of clearances (MSJ2 Reply at 20, lines 5-8).  In its opening brief, AMC argued only that Cobb's early 2010 discussions with Gulfstream "stalled out"—not that Cobb "passed" on the site (see MSJ2 at 17).  The Court should strike this new argument or give Cobb the opportunity to clarify that there is no evidence that Cobb "passed" on Gulfstream irrespective of clearances.

9.      For the first time in reply, AMC asks the Court to rule as a matter of law that all of AMC's documents discussing "competitive encroachment" and

losses from "predatory competitors" building within three miles of its theaters are solely evidence of AMC's "most immediate and rigorous competition" or where it "competes the hardest" and say nothing about which theaters AMC does and does not compete with for purposes of determining its market power in a relevant market (Strike Reply at 2, line 1, to page 4, line 10; MSJ1 Reply at 9, lines 3-13; MSJ2 Reply at 12, lines 9-11). The Court should strike AMC's new argument or give Cobb the opportunity to respond.

10. Finally, AMC misstates the law on direct evidence of anticompetitive effects under the "actual harm" approach (MSJ1 Reply at 4, line 7, to page 7, line 6; MSJ2 Reply at 13, line 12, to page 14, line 12); the holding of (versus dicta in) Bailey v. Allgas, Inc., 284 F.3d 1237, 1246 (11th Cir. 2002) (MSJ1 Reply at 7, line 11, to page 8, line 2 & n.7; MSJ2 Reply at 14, lines 13-16); the standards for showing circuit power under United States v. Griffith, 334 U.S. 100, 107-08 (1948) (MSJ1 Reply at 16, line 6, to page 17, line 2 & n.9); the holding of Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 702 (1962), and its applicability to this case (MSJ2 Reply at 2, line 1, to page 5, line 13); the applicability and test for preparedness and intent in the Eleventh Circuit (MSJ2 Reply at 7, line 4, to page 9, line 17); the applicability of a truncated rule of reason to Sherman Act Section 2 claims (MSJ2 Reply at 13, lines 4-11); the applicability

of Frank Briscoe Co., Inc. v. Georgia Sprinkler, Co., Inc., 713 F.2d 1500, 1503 (11th Cir. 1983), and its rule that "[w]hen no statute is involved, Georgia courts apply the common law as developed in Georgia rather than foreign case law," Trusted Data Sols., LLC v. Kotchen & Low, LLP, 2015 WL 11251959, at *3 (N.D. Ga. Feb. 6, 2015) (MSJ2 Reply at 15, line 16, to page 16, line 11); the applicability and significance of the Brown Shoe factors used to establish a relevant market and the extent, character, and sufficiency of the evidence Cobb relies on to do so (MSJ1 Reply at 8, line 11, to page 9, line 13; Strike Reply, *passim*); and Cobb's economic expert's conclusions regarding billing address data and authority therefor (Strike Reply at 10, line 7, to page 13, line 4). Cobb should have the opportunity to correct these misstatements. See, e.g., St. James, 2010 WL 2802616, at *1-2 (granting leave to file surreply "to address 'the factual and legal misstatements' made by Defendant . . . in his Reply memorandum").

## III. CONCLUSION

For the foregoing reasons, Cobb respectfully requests that this Court strike the foregoing arguments and evidence presented in AMC's Replies and/or grant Cobb leave to file its Surreply.

Dated:  December 19, 2016

s/ Thomas L. Boeder
Thomas L. Boeder (*Pro Hac Vice*)
Eric J. Weiss (*Pro Hac Vice*)
**Perkins Coie LLP**
tboeder@perkinscoie.com
eweiss@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206-359-8000
Facsimile:  206-359-9000

Catherine S. Simonsen (*Pro Hac Vice*)
**Perkins Coie LLP**
csimonsen@perkinscoie.com
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone:  310.788.3332
Facsimile:  310.788.3399

Henry D. Fellows, Jr.
Georgia Bar No. 257825
Amy Durrence
Georgia Bar No. 170398
**Fellows LaBriola LLP**
225 Peachtree Street, N.E., Suite 2300
Atlanta, GA 30303
Telephone:  404-586-9200
Facsimile:  404-586-9201
E-mail:  hfellows@fellab.com
E-mail:  adurrence@fellab.com

*Attorneys for Plaintiffs, Cobb Theatres III, LLC and Cobb Theatres IV, LLC*

**CERTIFICATE OF FONT AND POINT SELECTION**

Undersigned counsel hereby certifies, pursuant to LR 7.1(D), NDGa, that the foregoing was prepared in Times New Roman, 14-point font, which is one of the font and point selections approved in LR 5.1, NDGa.

s/ Thomas L. Boeder
Thomas L. Boeder (*Pro Hac Vice*)

**CERTIFICATE OF SERVICE**

I hereby certify that this day, I electronically filed the foregoing Response with the clerk's office CM/ECF system, which will send email notification to the following counsel of record:

Mary C. Gill, Esq.
Adam Biegel, Esq.
Jonathan Parente, Esq.
Alston & Bird, LLP - GA
1201 West Peachtree Street
Atlanta, GA 30309

Michael A. Swartzendruber, Esq.
Jason K. Fagelman, Esq.
Rachel L. Williams, Esq.
Beau Cox, Esq.
Nicholas Taunton, Esq.
Norton Rose Fulbright US LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201-2784

Darryl Anderson, Esq.
Norton Rose Fulbright US LLP
1301 McKinney Street, Suite 5100
Houston, TX 77010

Respectfully submitted, this 19th day of December, 2016.

s/ Thomas L. Boeder
Thomas L. Boeder (*Pro Hac Vice*)